### HEAVILON and Another *v.* KRAMER.

CONTRACT.—*Breach of.*—*Measure of Damages.*—Where a person contracts to do a certain amount of work, at a stipulated price, upon materials to be furnished by his employer within a specified time, and is ready and willing to perform, but is prevented by the failure of the employer to furnish materials as promised, he is entitled to merely compensatory damages; and where during such time he is offered other employment of the same kind, he is not entitled to the whole amount of profits he would have made if the contract had been fully performed by both parties.

APPEAL from the Clinton Common Pleas.

Suit by the appellee against Taylor Heavilon and Joseph Heavilon, the appellants. The complaint is in two paragraphs.

The first paragraph alleges, that on the 10th day of December, 1864, the plaintiff was the owner of a portable steam-saw-mill, and was engaged in the business of sawing lumber; that at that date he entered into a contract with the defendants whereby it was agreed that, in consideration that he would remove his mill to their farm in the county of Boone and saw for them, they would furnish to said mill one thousand logs of ordinary size and dimensions for making lumber; that they would furnish and deliver said logs at said mill on said farm in the summer and fall of 1865; that they would pay him sixty cents per one hundred feet.

for such sawing; that the cost to the plaintiff of sawing said one thousand logs would have been only twenty cents per one hundred feet, and there would have been 425,000 feet of lumber; that the plaintiff complied in all things with the terms and stipulations of said contract, on his part; but that the defendants wholly disregarded the same, failed and refused to furnish the said one thousand logs, and only furnished of them one hundred and seventy-six logs; that he is damaged in the sum of thirteen hundred dollars; that in furtherance of said contract he removed his mill to said farm and sawed all the logs furnished by the defendants, and was ready and willing to saw all the logs specified in said contract, had the defendants complied, &c., which they failed to do; and that the plaintiff was ready and willing to saw said logs during the summer and fall of said year.

The second paragraph is a common count, averring, that the defendants are indebted to the plaintiff in the sum of $509.71, for work and labor done at their request; and a bill of particulars for lumber sawed in September, 1865, amounting to that sum, is filed with this paragraph.

A demurrer to the first paragraph, assigning want of sufficient facts therein, was overruled, and the defendants excepted.

The defendants for answer filed the general denial and several special paragraphs. The second paragraph avers, that at the time of making the contract mentioned in the first paragraph of the complaint, the lower and main saw of the plaintiff's mill was greatly out of repair and damaged by having several teeth broken out and being kinked, in consequence of which it was impossible to saw with it good and merchantable lumber, which being at the time known to the parties, it was distinctly agreed, as a part of the contract, and as a part of the inducements to the defendants to enter into the same, that the plaintiff before locating his mill on said premises of defendants and proceeding to saw their lumber would furnish a new and good saw, such as would do good and merchantable work, and he

would saw for them good and merchantable lumber; that it was further agreed that the plaintiff would not locate his mill on their farm or require them to furnish any logs till after harvest and seeding time in the following year of 1865; that he would then furnish for the use of the defendants in supplying said mill with logs and hauling off lumber, and for the use of the mill-yard generally, two yoke of oxen and a log-wagon; that the plaintiff wholly failed to furnish the saw stipulated for, or any other except the old and damaged one; that he failed to make good and merchantable lumber; that he failed to furnish said wagon and team as stipulated, or any other force in lieu thereof; that he located his mill on their premises on the 22d of June, 1865, which was before harvest, and ceased to saw or do any work there on the 2d of September of that year, all of which was before seeding time was over.

Upon the other paragraphs of the answer no question arises here.

The plaintiff replied by the general denial. The cause was tried by a jury, and a verdict for the plaintiff for $1,361.18 was returned, upon which judgment was rendered over the defendants' motion for a new trial.

The second instruction to the jury was as follows:—

"If the jury believe from the evidence that the parties entered into the contract set out in the complaint; and that the plaintiff in pursuance thereof erected his mill on the farm designated in the agreement, within the time specified; and that the defendants, in part performance of their contract furnished and delivered at the mill one hundred and seventy-six of the logs, which were sawed by the plaintiff; and that he had and kept his mill in order, and was ready and willing to receive and saw the balance of the logs; and that they failed to furnish any more of the logs; then the plaintiff is entitled to recover the amount of the profits he has proven, if any, he would have made on the sawing of the unfurnished logs if they had been furnished by the defendants."

To the giving of this instruction the defendants excepted.

The court refused to give the following instructions asked by the defendants:

"3. If the plaintiff has a right to recover for a breach of the contract charged, he can only recover so much damages as is necessary to place him in as good a condition as if the contract had not been broken."

"4. If the preponderance of the evidence shows that Joseph Heavilon was not the partner of his father at the time the contract, if any, was made, and not until the plaintiff had nearly completed the sawing done at the defendants' yard, then the jury must find a verdict in favor of Joseph Heavilon, and disregard all the statements made by him to the plaintiff's witnesses prior to the time he became the partner of his father."

"6. If the preponderance of the evidence shows that the plaintiff agreed to furnish a new saw, a log-wagon, and two yoke of oxen, or either of these articles, as charged by the defendants, and failed to do so, or failed to furnish saw, oxen, or wagon, he cannot recover for a breach of said contract."

"7. If the plaintiff failed to saw merchantable lumber for defendants, such failure excused them from the completion of the contract, and the plaintiff cannot recover for a breach thereof."

FRAZER, J.—It is argued that there was error below in overruling a demurrer to the first paragraph of the complaint, but we are not of that opinion.

The other question before us is upon the motion for a new trial, which was overruled. We think it should have been sustained, on account of erroneous instructions having been given to the jury, and for refusing instructions asked.

The appellee was the owner and operator of a portable steam-saw-mill and claimed that the defendants had contracted with him to remove his mill to their land and saw at a certain price one thousand logs for them, to be furnished

by them during the summer and fall of 1865; that they failed to deliver the logs, whereby he was damaged, &c. The general denial was pleaded.

As to the measure of damages, the court told the jury, that if the plaintiff had made out his case, he was "entitled to recover the amount of profits he has proven he would have made on the sawing of the unfurnished logs if they had been furnished."

This is not, we think, the rule of damages which the law provides in such cases; there being evidence that he need not have allowed his mill to remain idle, other employment having been offered. It would give more than compensatory damages, and the case was not of a nature to warrant this. So the jury were afterwards told in another instruction.

The court erred also in refusing the third, fourth, sixth, and seventh instructions asked by the appellants.

Judgment reversed, with costs; and cause remanded for a new trial.

*J. N. Sims, H. Y. Morrison,* and *T. H. Palmer,* for appellants.

*J. Claybaugh* and *L. McClurg,* for appellee.